ADELIA LAYCOCK AND HUSBAND *v.* THOMSON J. BIRD.

The true construction of Art. 2419 of the Civil Code is, that the party attacking a sale as being a disguised donation must prove, either that there was no consideration paid, or that the price paid was *less than the one-fourth* of the real value of the property pretended to be sold.

The advantage which a father bestows on his son, though in any other manner than by donation or legacy, is subject to collation.

APPEAL from the District Court of the parish of East Baton Rouge, *Beale* J. Tried before a jury. *T. G. Morgan*, for plaintiff and appellant. *A. S. Herron*, for defendant.

SPOFFORD, J. The plaintiff sued her brother, *Thomson J. Bird*, to set aside a sale of land, slaves, &c., made by their mother, shortly before her death, to the defendant.

LAYCOCK
*v.*
BIRD.

The alleged grounds are lesion, and that the pretended sale was a donation in disguise.

The plaintiff has appealed from a judgment rendered against her claim, in pursuance of the verdict of a jury. It would seem from the printed argument upon which the cause was submitted by her counsel, that the only point relied upon for reversing this judgment is embraced in a bill of exceptions to the District Judge's charge to the jury. The charge objected to was this : " that the true construction of the article 2419 of the Louisiana Code is that the party attacking a sale as being a disguised donation, must prove, either that there was no consideration paid, or that the price paid was less than the one-fourth of the real value of the property pretended to be sold."

This appears to be a correct interpretation of the Article 2419. " The sales of immovable property or slaves, made by parents to their children, may be attacked by the forced heirs as containing a donation in disguise, if the latter can prove that no price has been paid, or that the price was below one-fourth of the real value of the immovables or slaves sold at the time of the sale."

The expression in both texts is *below one-fourth of the real value*, and cannot be construed to mean, as the appellant contends, *one-fourth below the real value*.

The evidence preponderates in favor of the conclusion that the property in question was sold by the mother to one of her forced heirs, *at a very low price*, although exceeding one-half of the real value of the land, improvements and slaves. So there was no lesion beyond moiety, nor such proof as is required by Article 2419 of the Code to set aside the sale *in toto* as a simulation or disguised donation. The contract seems to have been a real one, although perhaps made to give the vendee an indirect advantage over his co-heir. The plaintiff's remedy, if any she has, is not by an action in the present form, but by an application to have her co-heir collate when a partition takes place.

Civil Code, Art. 1324. " The heir is not bound to collate the profits he has made from contracts made with his ascendant, to whom he succeeds, unless the contracts, at the time of their being made, gave the heir some indirect advantage."

Art. 1326. " The advantage which a father bestows on his son, though in any other manner than by donation or legacy, is likewise subject to collation. Thus, *when a father has sold a thing to his son at a very low price*, or has paid for him the price of some purchase, or has spent money to improve his son's estate, all that is subject to collation."

It is, therefore, ordered, that the judgment of the District Court be affirmed, with costs, without prejudice to any right the plaintiff may have to demand a collation of the difference between the real value of the property in question, and the price contracted to be paid by the defendant.